Indian Glaims. — Plaintiff’s petition filed May 28, 1969, includes six claims. On January 6,1971, the court issued the following order:
This case comes before the court on plaintiff’s motion for summary judgment and defendant’s cross-motion for summary judgment. Upon consideration of the motions and after hearing oral argument thereon,
IT IS ORDERED that defendant’s motion for summary judgment is granted with respect to plaintiff’s Claim No. 1, relating to interest earned on bonus bid deposits made by bidders for mineral leases on tribal property. The affidavit and opinion attached to defendant’s motion are not controverted by plaintiff and show that to the extent that interest is earned on such bid deposits, the interest is owned by the plaintiff tribe and used for its benefit.
*1096 IT IS FURTHER ORDERED that defendants motion for summary judgment is also granted with, respect to plaintiff’s Claim No. 2, which alleges that defendant breached its fiduciary duty to plaintiff through acts of Congress which allowed the States of Utah and New Mexico to impose taxes on the bonus, rental, and royalty interests received from the leasing of tribal lands for the production of oil and gas. Payments made to the State of Utah are authorized by the Act of March 1, 1933, 47 Stat. § 1418, which provides that 3714 percent of the net royalties derived from tribal leases shall be paid to the State of Utah and expended by the State for the benefit of the plaintiff tribe. It is established by a memorandum published in congressional committee reports that the Act of March 1, 1933, was enacted pursuant to the request and with the consent of the Navajo Tribal Council. The taxes paid to the State of New Mexico were imposed pursuant to the express authorization of Congress as set forth in 25 U.S.C. §§ 398 and 398c. Since it is within the plenary power of Congress to allow the imposition of such a tax, the statutes involved here do not, as a matter of law, constitute a breach of defendant’s fiduciary duty to plaintiff. Shaw v. Gibson-Zahniser Oil Corp., 276 U.S. 575 (1928); British-American Oil Producing Co. v. Board of Equalization of Montana, 299 U.S. 159 (1936), and Board of County Comm'rs v. Seber, 318 U.S. 705 (1943).
IT IS FURTHER ORDERED that plaintiff’s motion for summary judgment and defendant’s cross-motion for summary judgment are denied with respect to plaintiff’s Claims Nos. 3, 4, 5, and 6. The court finds that Claim No. 3 presents material issues of fact as to whether defendant has excessively delayed crediting plaintiff with accrued interest on tribal funds carried in Treasury Department accounts and whether such delays have resulted in depriving plaintiff of the use and benefit of such interest after it was due and payable. The court further finds that plaintiff’s Claim No. 4 raises material issues of fact as to whether there was a discrimination against plaintiff and a loss sustained by it by reason of the fact that interest on its trust funds was paid *1097 pursuant to 25 U.S.C. § 161a and § 161b, as compared with interest paid on other trust funds pursuant to 31 U.S.C. § 547a. The court further finds that Claims Nos. 5 and 6 present issues of fact as to whether the defendant’s acts or omissions were arbitrary and represented an abuse of its discretion, as alleged by plaintiff. Accordingly, the case is remanded to the Trial Commissioner for trial or other proceedings on plaintiff’s claims Nos. 3,4,5, and 6.
By the Court
(Sgd) WlLSON CoWEN Chief Judge